# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLYNN ALLEN and<br>MYRA ALLEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>HALLIBURTON COMPANY and<br>HALLIBURTON ENERGY SERVICES,<br>INC.,<br><br>    Defendants. | Case No. CIV-13-715-M |

## ORDER

Before the Court is defendant Halliburton Energy Services, Inc.'s ("HESI") Motion for Summary Judgment, filed April 24, 2015. On May 19, 2015, plaintiffs filed their response, and on May 26, 2015, HESI filed its reply. Based upon the parties' submissions, the Court makes its determination.

On July 2, 2013, plaintiffs filed this action in Stephens County, Oklahoma, alleging claims for negligence, nuisance, trespass, and interference with peaceful occupancy and enjoyment of their property. Defendants removed this action to this Court on July 12, 2013. On July 30, 2014, this Court entered an order setting August 14, 2014 as the deadline for plaintiffs' expert disclosures.

HESI asserts that plaintiffs have never identified any expert witnesses nor submitted expert reports under Federal Rule of Civil Procedure 26 and plaintiffs have never requested any extension of time to do so. HESI, therefore, contends that plaintiffs are barred from disclosing any experts or submitting any expert reports in support of their claims. HESI also asserts that each of plaintiffs' claims requires expert testimony due to the technical knowledge and skill required to prove certain

elements. HESI, thus, contends that absent expert testimony to support plaintiffs' claims, HESI is entitled to judgment as a matter of law.

Plaintiffs state that their current counsel, who entered their appearance in this matter on April 15, 2015, provided to HESI expert reports as to other cases in which counsel was involved.[1] Plaintiffs assert that the expert reports provided to HESI included plaintiffs' home. Plaintiffs further assert that their counsel informed HESI's counsel prior to formally becoming attorney of record in this case that the experts in the other cases had expressed opinions as to the contamination and damage to plaintiffs' home in the reports previously disclosed and plaintiffs were going to rely upon and use them in this case. Plaintiffs contend that they should be allowed to use the expert reports previously provided in the other cases. Specifically, plaintiffs contend that they have complied with Rule 26(a) based upon the fact that all of the expert reports were delivered to HESI and the experts included plaintiffs' home as part of the reports. Plaintiffs further contend that even if the Court does not find that plaintiffs have complied with Rule 26(a), the Court should allow the admittance of the expert reports and expert testimony because any violation of Rule 26(a) was justified and harmless.

In reply, HESI asserts that simply adopting, after the time for disclosure has passed, expert opinions in another case is not sufficient. Further, HESI contends that plaintiffs' representation that certain expert reports specifically address plaintiffs' home is misleading. Additionally, HESI contends it was not told by plaintiffs' counsel that the same expert reports would be used in the instant case. Finally, HESI contends that plaintiffs' failure to comply is not justified or harmless.

---

[1]Plaintiffs' counsel are also attorneys of record in *McCormick, et al. v. Halliburton Energy Services, Inc.*, Case No. CIV-11-1272-M and *Alexander, et al. v. Halliburton Company, et al.*, Case No. CIV-11-1343-M.

Federal Rule of Civil Procedure 37(c) provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (internal quotations and citation omitted). In making its determination, "the court should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not complied with Rule 26(a). Listing expert witnesses in other cases and providing HESI the expert reports in other cases is not compliance with Rule 26(a) in relation to the instant case. However, the Court finds that plaintiffs can utilize the testimony and reports of these experts in their case because their failure to comply with Rule 26(a), under the circumstances of this case, is harmless. First, the Court finds that in light of the fact that HESI did receive the expert reports in other cases and has taken the depositions of the experts in relation to the other cases, and because the experts' opinions are generally the same with respect to all of the cases, there is minimal prejudice to HESI. Second, to the extent there is any prejudice, the Court finds that such prejudice can be cured by allowing HESI, if necessary, to re-depose any of the experts to specifically ask questions regarding plaintiffs' home and damages. Third, as any trials in these cases will not occur until October, approximately four months from now, the Court finds that introducing the expert testimony will not disrupt the

trial. Finally, the Court finds no bad faith or willfulness on the part of plaintiffs. At most, the Court finds that the failure to comply with Rule 26(a) was neglect on the part of plaintiffs' prior counsel. Plaintiffs' current counsel did not enter their appearance until well after the deadline to list expert witnesses and to provide expert reports.

Because this Court has found that plaintiffs may use the expert reports and the testimony of the expert witnesses to support their claims, the Court finds that HESI is not entitled to judgment as a matter of law as to plaintiffs' claims. Accordingly, the Court DENIES HESI's Motion for Summary Judgment [docket no. 62].

**IT IS SO ORDERED this 9th day of June, 2015.**

*(signed)* Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE